**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO.:

THOMAS DROSS,

       Plaintiff,

v.

RELIABLE CONCRETE
CUTTING, LLC,
a Florida Limited Liability
Company,

       Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THOMAS DROSS ("Mr. Dross" or "Plaintiff") files this Complaint against Defendant, RELIABLE CONCRETE CUTTING, LLC ("RCC" or "Defendant"), and alleges as follows:

### INTRODUCTION

1.    Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and Florida's Workers' Compensation Retaliation Statute, Section 440.205, Florida Statutes ("FWCRS"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, injunctive relief, actual and compensatory damages including lost wages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3.      This Court also has supplemental jurisdiction over Plaintiff's FWCRS claims, as they arise out of the same operative facts and circumstances as his FMLA claims.

4.      At all times relevant hereto, Plaintiff was an employee of Defendant.

5.      Plaintiff worked for Defendant in Broward County, Florida, and this venue is therefore proper.

6.      Defendant is a Florida limited liability company that is located and does business in Broward County, Florida, and is therefore within the jurisdiction of the Court.

7.      At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8.      At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition or conditions as defined by the FMLA, which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

9.      Plaintiff is protected by the FWCRS because:

a.      He engaged in protected activity by pursuing or attempting to pursue a claim

for workers' compensation benefits after being injured at work, and

b.      He suffered an adverse employment action based on his engagement in the foregoing protected activity, including being terminated for same.

10.      Defendant was at all times an "employer" as defined by the FWCRS.

## FACTUAL ALLEGATIONS

11.      Mr. Dross worked for RCC, most recently in Sales, from April 27, 2020, until his termination on April 14, 2022.

12.      On May 12, 2020, Mr. Dross suffered a serious health condition as a result of a severe workplace injury to his left foot, from which Mr. Dross has still not fully recovered.

13.      Subsequent to the onset of this serious health condition, Mr. Dross has not been able to work as a concrete cutter.

14.      Mr. Dross has since been on light duty restrictions from his treating physician related to this serious health condition arising from his workplace injury.

15.      On January 14, 2022, while at another RCC job site, Mr. Dross fractured three (3) of the toes on the same left foot.

16.      Mr. Dross informed RCC of this most recent workplace injury and serious health condition.

17.      In response, RCC failed to provide Mr. Dross FMLA paperwork, and failed to advise him of his rights and responsibilities under the FMLA.

18.      Mr. Dross then went out on leave, which should have been job-protected FMLA leave, for about one month.

19.      Mr. Dross was put on separate, distinct light duty instructions for this second serious health condition, which expired in early April of 2022.

20.     Mr. Dross received full clearance for the second serious health condition in early April of 2022, but was still subject to his long-standing light duty restrictions (including lifting, standing, ladder-climbing, and sitting limitations and requirements) stretching back to his first workplace injury and resulting serious health condition.

21.     Heedless of these realities, in early April of 2022, RCC put heavy pressure on Mr. Dross to return to the field as a Concrete Cutter.

22.     RCC's newly-installed General Manager, Leo Da Silva, and RCC Secretary Donna compounded this problem and ramped up the pressure by improperly violating Mr. Dross's HIPAA rights and blaring details of his injuries and resulting serious health conditions to co-workers.

23.     On April 14, 2022, RCC informed Mr. Dross that it had decided to terminate his employment, effective immediately, stating that RCC "couldn't afford to keep" Mr. Dross as an employee any more.

24.     Such a retaliatory and unlawful termination is exactly the type of adverse employment action that the FCRA and the FWCRS were intended to prevent.

25.     In reality, Defendant's termination of Mr. Dross stemmed from its retaliatory animus toward his claim or attempt to claim benefits under Florida's Workers' Compensation Statute, and toward his serious health conditions and his possible need for further unpaid leave, which should have been job-protected FMLA leave.

26.     The timing of Plaintiff's termination makes the causal connection between his exercise of his rights to leave under the FMLA and his claim or attempt to claim benefits under Florida's Workers' Compensation Statute, and the termination, very clear.

27.     As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

28.     Defendant also retaliated against Plaintiff for suffering serious health conditions, for disclosing them, and for utilizing or attempting to utilize proper and authorized FMLA leave.

29.     Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and workers' compensation retaliation.

30.     Defendant did not have a good faith basis for its actions.

31.     Defendant did not have a legitimate, non-retaliatory reason, for its actions.

32.     Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Dross notifying SI of his serious health condition, and in retaliation for Mr. Dross utilizing or attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

33.     Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

34.     Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

35.     The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

36.     Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization or attempted utilization of what should have been protected FMLA leave.

37.     It is unlawful for a Florida employer to discharge any employee because of that employee's valid claim for workers' compensation, or his attempt to claim compensation under the Workers' Compensation Law. *See* § 440.205, Fla. Stat.

38.     The temporal proximity between Plaintiff's injury, coupled with his request for workers' compensation benefits, creates a strong causal connection that Defendant retaliated against Mr. Dross by terminating his employment for engaging in legally protected activity.

39.     Plaintiff suffered sufficiently severe and pervasive treatment, and was ultimately terminated, based upon the workers' compensation retaliation that he endured at the hands of the Defendant.

40.     Defendant does not have a non-retaliatory rationale for its decision to terminate Plaintiff's employment.

41.     As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

42.     Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

43.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

<u>COUNT I</u>
<u>UNLAWFUL INTERFERENCE UNDER THE FMLA</u>

44.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 8, 11 through 36, and 40 through 43, above, as though fully set forth herein.

45.     At all times relevant hereto, Plaintiff was protected by the FMLA.

46.     At all times relevant hereto, Defendant interfered with Plaintiff by harassing and targeting him after he disclosed his serious health condition, by pressuring him to return to the

field as a Concrete Cutter despite knowing that he could not perform that role, and by failing to provide him FMLA paperwork or advise him of his rights and obligations under the FMLA in response to his disclosure of his serious health condition.

47.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

48.     As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

49.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

<u>COUNT II</u>
<u>UNLAWFUL RETALIATION UNDER THE FMLA</u>

50.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 8, 11 through 36, and 40 through 43, above, as though fully set forth herein.

51.     At all times relevant hereto, Plaintiff was protected by the FMLA.

52.     At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use or attempted use of FMLA-protected leave.

53.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

54.     At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

55.     As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

56.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**COUNT III**
**UNLAWFUL RETALIATION UNDER**
**FLORIDA'S WORKERS' COMPENSATION STATUTE**

57.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 9 through 16, 18 through 26, 29 through 31, 37 through 41, and 43, above, as though fully set forth herein.

58.     On April 14, 2022, Defendant illegally terminated Plaintiff from his employment in violation of Section 440.205, Fla. Stat.

59.     Section 440.205 of the Florida Statutes states that: "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

60.   Plaintiff had a valid claim for workers' compensation as of January 14, 2022, as a result of his most recent work-related injury.

61.     Plaintiff was fired within close temporal proximity of him disclosing his valid entitlement to workers' compensation benefits, and claim or attempt to claim benefits under Florida's Workers' Compensation Statute for same.

62.     As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff demands judgment in his favor against Defendant and relief in the form of actual and compensatory damages, including lost wages, benefits, and other remuneration; reinstatement of full fringe benefits; front and back pay; declaratory and injunctive relief; pre-judgment and post-judgment interest, and any other relief this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 6th day of February, 2023.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com